UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:

| | |
|---|---|
| *Byrd, et al. v. Comair, Inc.* | No. 5:06-CV-371-KSF |
| *Cone, et al. v. Comair, Inc.* | No. 5:07-CV-015-KSF |

## AMENDED OPINION AND ORDER

In this Court's Opinion and Order entered earlier today [DE #1466], yesterday's date inexplicably appeared in the second full paragraph on page 3 under II. B. This Amended Opinion and Order corrects that typographical error, but otherwise is unchanged:

This matter is before the Court on the motion of Comair, Inc. [DE #1115] to file an Amended Third Party Complaint in the above cases. The Court having considered the motion and response thereto, the matter is ripe for review.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Comair moved to file its original Third-Party Complaint in these cases on August 13, 2007. Plaintiffs Cone and Byrd opposed the motion, arguing that the Montreal Convention preempts K.R.S. § 411.182 such that apportionment is not available. This Court noted that Article 37 of the Montreal Convention states:

> Nothing in this Convention shall prejudice the question whether a person liable for damage in accordance with its provisions has a right of recourse against any other person.

Without reaching the issue of whether an apportionment instruction or an indemnity claim would be appropriate under the facts, this Court allowed the filing of the Third-Party Complaint [DE #774]. *In re Air Crash at Lexington, Kentucky, August 27, 2006*, 2007 WL 2915187 at *3 (E.D. Ky. 2007).

On November 21, 2007, Comair moved to file an Amended Third-Party Complaint "to add claims for apportionment and/or contribution pursuant to Article 37 of the Convention ... in addition to K.R.S. § 411.182 and all other applicable law...." [DE #1115]. No new parties are named in the amended complaint. Comair previously alleged it was entitled to apportionment under Kentucky law; the Amended Third-Party Complaint alleges entitlement to "an apportionment and/or contribution instruction."[1]

Plaintiffs Cone, et al. oppose the new motion, arguing that the word "recourse" in Article 37 "cannot properly be construed to refer to an apportionment instruction against the carrier's victim." [DE #1189, pp. 5-6]. The Response contends that Article 37 can only refer to a carrier's claims for contribution and/or indemnity against third-party defendants. *Id.* It asserts that Article 37

> cannot impair or nullify affirmative rights that are created or liabilities that are recognized by other provisions of the Convention. That includes the express mandate in Article 17(1) that the carrier "shall be liable for damage sustained."

*Id.* p. 6. It argues that the purpose of an apportionment instruction is to reduce liability to the victims, and such a result is "directly contrary to the express mandate of Article 17(1) that the carrier is liable for the entire harm suffered by its victim." *Id.* Thus, it interprets "any other person" in Article 37 to mean "all persons other than the carrier's victim and the carrier itself." *Id.* Plaintiff's Response argues that Article 37 does not create a cause of action, making it unnecessary and improper to assert claims "pursuant" to that Article. Finally, it argues that, subsequent to the filing of this motion, the Court dismissed the complaint against most of the Airport Defendants on grounds of sovereign immunity. *Id.* at 10. Accordingly, it claims the amendment would be futile as to those defendants.

---

[1] Comair interpreted this Court's prior opinions as "seem[ing] to indicate" that Comair should plead under both apportionment and contribution theories to preserve its rights. [DE #1231 p. 1]. If any clarification is necessary, it is not the intention of this Court in any opinion or order to suggest how a party should plead its case.

Comair replies that the amendment is a cautionary measure to be more explicit in asserting an alternative claim of contribution and to place that in the context of Article 37 [DE #1231]. It denies the creation of any additional prejudice. While it disagrees with Plaintiff's interpretation of Article 37, Comair notes that Plaintiff's futility argument based on mutual exclusivity leads to the conclusion that apportionment has "supplanted" contribution under Kentucky law and is the type of recourse contemplated by the treaty. *Id.*, pp. 6-7. Comair also notes that Plaintiffs are entitled to bring their own claims against the third parties and recover fully from any third party who may be held liable.

## II.   ANALYSIS

### A.   Standard

Under Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." The Sixth Circuit has held that a district court should consider the following factors when deciding whether to grant leave to amend: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id*.

### B.   Comair's Amended Third-Party Complaint

Plaintiff's Response does not oppose the motion on grounds of undue delay, lack of notice, bad faith, or failure to cure deficiencies. Instead, the objection is primarily a legal argument that apportionment is not allowed under the Montreal Convention and, therefore, the amendment would be futile. It argues that the continued possibility of apportionment will prejudice settlement

3

discussions, but does not identify any way that this amendment makes the present situation any worse. Accordingly, the issue boils down to the legal interpretation of Article 37 and whether Article 17 precludes an instruction that could limit the victim's recovery of all damages from the carrier.

Plaintiff relies on *Cortes v. American Airlines, Inc.*, 177 F.3d 1272 (11th Cir. 1999) for the proposition that Article 17 "renders Comair liable for <u>all</u> of the harm suffered by the Plaintiffs in this case." [DE #1189, p. 6; emphasis in original]. However, *Cortes* recognizes that a carrier should not "pay more damages than the amount for which it is responsible." *Id.* at 1305. Florida law applicable to that case provided "a right of contribution on behalf of a tortfeasor who pays for the wrongdoings of additional tortfeasors." *Id.* Thus, American was able to pursue an independent cause of action against other potential tortfeasors who contributed to the passenger's injuries. *Id.*

Under Kentucky law, however, "liability among joint tortfeasors in negligence cases is no longer joint and several, but is several only." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 779 (Ky. 2000). Plaintiff acknowledges that "contribution and apportionment are mutually exclusive" under *Degener*. If apportionment is not available as a possible means of recourse under the Convention, as Plaintiff contends, the effect would be to require Comair to pay more damages than the amount for which it is responsible, a result that *Cortes* was not willing to allow.

Additionally, the decision in *Cortes* was based upon the absence of a provision in the Warsaw Convention to allow reduction in a carrier's liability based on the conduct of others. *Cortes*, 177 F.3d at 1304 ("[I]f the drafters intended to reduce further the carrier's liability based on the conduct of other tortfeasors, they would have added such a provision"). That problem was solved by the addition of Article 37 in the Montreal Convention. S. Treaty Doc. No. 106-45, 1999 WL 33292734, Article 37 Analysis ("This Article clarifies that the Convention does not affect any right of recourse of a person liable for damages under this Convention against any other person").

Plaintiff's argument that a carrier's Article 17 liability cannot be reduced and that "an apportionment instruction against a carrier's victim is inconsistent with Article 17(1)" is clearly contradicted by Article 20 which provides in part:

> If the carrier proves that the damage was caused or contributed to by the negligence or other wrongful act or omission of the person claiming compensation, ... the carrier shall be wholly or partly exonerated from its liability to the claimant to the extent that such negligence or wrongful act or omission caused or contributed to the damage.

Fault can unquestionably be apportioned against the victim under Article 20 of the Montreal Convention, just as it could have been under Article 21 of the Warsaw Convention. This reduction of a carrier's liability for the comparative fault of the passenger has been acknowledged by the United States Supreme Court on at least two occasions. *Air France v. Saks*, 470 U.S. 392, 407 (1985) (The Montreal Agreement "did not waive other provisions in the Convention that operate to qualify liability, such as the contributory negligence defense of Article 21...."); *Olympic Airways v. Husain*, 540 U.S. 644, 649 n. 5 (2004) ("Additionally, Article 21 enables an air carrier to avoid or reduce its liability if it can prove the passenger's comparative negligence").

Accordingly, it is the Opinion of this Court that Article 37 of the Montreal Convention does not preclude an apportionment instruction against a party whom reasonable jurors could determine was at fault.

### C. Effect of the Amended Third-Party Complaint On the Airport Defendants

While this motion was pending, certain of the Airport Defendants were dismissed on grounds of immunity. Plaintiff is correct that it is futile for Comair to amend its complaint against those Defendants at this stage of the proceedings.

III.   CONCLUSION

**IT IS ORDERED**:

1. Comair's Motion to File an Amended Third-Party Complaint [DE #1115] is **DENIED IN PART** to the extent it seeks to state a claim against the dismissed Airport Defendants, but is **GRANTED IN PART** with respect to all other Defendants.

2. Comair shall tender an Amended Third-Party Complaint consistent with this Opinion and Order within five business days, and the Clerk is DIRECTED to file the same in the record herein.

This February 12, 2008.

Signed By:
*Karl S. Forester*   KSF
United States Senior Judge