UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:

<u>Anderson</u>, No. 5:07-CV-270-KSF
<u>Byrd</u>, No. 5:06-CV-371-KSF
<u>Cone</u>, No. 5:07-CV-15-KSF
<u>Trimble</u>, No. 5:07-CV-269-KSF

**OPINION AND ORDER**

This matter is before the Court on the Motion of Comair, Inc., Comair Services, Inc., Comair Holdings, LLC and Delta Airlines, Inc. (collectively "Comair") to dismiss the above Plaintiffs' claims for punitive damages and prejudgment interest. Having been fully briefed, this matter is ripe for review.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Comair moved to dismiss these Plaintiffs' claims for punitive damages and prejudgment interest on the ground that the claims are barred by the Montreal Convention.[1] For purposes of deciding the legal question at issue, this Court previously assumed the facts would show that these Plaintiffs' decedents had a contract of carriage reflecting "international carriage" under the Montreal Convention. *In re Air Crash at Lexington, Kentucky, August 27, 2006,* 501 F. Supp.2d 902, 913 (E.D. Ky. 2007). The same assumption will apply here, without prejudice to the parties' rights to claim otherwise as the facts are revealed through discovery.

---

[1] The Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734

## II. ANALYSIS

### A. Standard

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005).

### B. Punitive Damage Claims Against Comair

Plaintiffs make the following admissions in their responsive brief: "If the Montreal Convention applies to these cases, the Plaintiffs agree that it bars an award of punitive damages against the carrier, Comair, Inc." "In the event the evidence reflects that the Montreal convention is applicable to these cases, the motion of the Comair Defendants to dismiss the Plaintiffs' claims for punitive damages against Comair should be granted." [DE 1601, pp. 3, 11]. These admissions are appropriate in light of the plain language of the Montreal Convention.

Article 29 of the Montreal Convention provides:

> In the carriage of passengers, baggage and cargo, any action for damages, however, founded, whether under this convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. **In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.**

Emphasis added. *See also Kruger v. United Airlines,* Inc. 481 F. Supp.2d 1005, 1009 (N.D. Cal. 2007 ("the parties agree that punitive damages are not permitted under the Montreal Convention"); *Booker v. BWIA West Indies Airways, Ltd.*, 2007 WL 1351927 at *5 (E.D. N.Y. 2007) ("plaintiff may not recover punitive damages which are expressly prohibited by Article 29 of the Montreal Convention"); *Sobol v. Continental Airlines*, 2006 WL 2742051 at *5 (S.D.N.Y. 2006) ("the claim

for punitive damages must be dismissed as Article 29 of the Montreal Convention states that "punitive damages ... shall not be recoverable"). Accordingly, the motion to dismiss the punitive damages claims under the Montreal Convention will be granted.

### C.  Punitive Damage Claims Against James Polehinke

Plaintiffs argue that the Montreal Convention's prohibition against recovering punitive damages from the carrier does not extend to the "act or omission of the servant or agent done with intent to cause damage or recklessly and with knowledge that damage would probably result." Montreal Convention, Article 30, Paragraph 3. Comair did not include Mr. Polehinke in its motion. Mr. Polehinke separately moved to dismiss the punitive damage claims against him [DE 1847], and the Court will address that motion later by separate opinion.

### D.  Prejudgment Interest

Comair relies heavily on *O'Rourke v. Eastern Air Lines, Inc.*, 730 F.2d 842 (2nd Cir. 1984) (abrogated on other grounds) and *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*, 855 F.2d 385 (7th Cir. 1988), which held that prejudgment interest was not available under the Warsaw Convention in light of the Convention's purpose of fixing a definite, uniform and knowable damages limit of $75,000. [DE 1325, pp. 14-17]. Comair reminds the Court that "the 'common law' of the Warsaw jurisprudence is vitally important to understanding the meaning of the Montreal Convention." *In re Air Crash at Lexington, Kentucky, August 27, 2006*, 501 F. Supp.2d 902, 907-908 (E. D. Ky. 2007). [DE 1325, n. 12]. Accordingly, the Court will briefly review the issue of whether prejudgment interest is available under the Warsaw Convention.

In *O'Rourke*, the court placed significance on the fact that the Montreal Agreement provided a liability cap of $75,000 for passenger injuries that included all attorney's fees and costs, but there was a lower cap of $58,000 exclusive of fees for jurisdictions that allowed separate awards. *O'Rourke*, 730 F.2d at 853. The court concluded that, if there was to be another exclusion from damage limits, it would have been specifically mentioned in the same way as fees and costs. *Id.*

3

Similarly, the *Deere* court said: "The signatories fixed a cap on liability; they did not set forth any specific provisions excepting prejudgment interest from this global damage limitation figure." *Deere*, 855 F.2d at 392.

In contrast to *O'Rourke* and *Deere*, the Fifth Circuit reversed a district court's conclusion that prejudgment and post judgment interest were not available under the Warsaw Convention. *Domangue v. Eastern Air Lines, Inc.*, 722 F.2d 256 (1984). The court carefully considered the objectives pursued by the participants at the 1955 conference at The Hague and the 1966 Montreal Conference, which resulted in the Montreal Agreement. *Id.* at 260-262. It found that "allowing victims a more adequate recovery and ensuring speedy disposition of claims were important objectives leading to the modification of the Warsaw Convention by the Montreal Agreement." *Id.* at 263. The court held that these objectives were well served by allowing payment of post-judgment and prejudgment interest under the Warsaw Convention. *Id.* at 262-263. The wrongful death damages trial did not take place until seven years after the airplane crash. The court was "influenced by the inequity of Eastern Airlines benefitting from the length of time between the crash and a final judgment in this case, to the detriment of decedent's survivors." *Id.* at 264.

Similarly, in *Motorola, Inc. v. Federal Express Corp.* 308 F.3d 995 (9th Cir. 2002), the court considered the allowance of costs and attorney's fees in the Hague Protocol and the purpose of the Montreal Agreement to foster speedy resolution of lawsuits and held that, "in an appropriate case, a court may exercise its discretion to award prejudgment interest" under the Warsaw Convention. *Id.* at 1005-1008. It noted that, without prejudgment interest, the money paid would be less than the cap in the Warsaw Convention because it would be the discounted present value of a future payment. *Id.* at 1005. It referenced two delegates at the 1966 Montreal Conference who emphasized that "speedy resolution of claims was a central concern of the delegates." *Id.* at 1006. The court also distinguished *O'Rourke* and *Deere* as "based on a mistaken premise" that the limitation on liability was an absolute ceiling on a carrier's payout. *Id.* at 1007.

4

At the time of these decisions, the Montreal Convention had not gone into effect to replace the Warsaw Convention.[2] The Montreal Convention removed all limits for passenger death or injury unless the carrier can prove the absence of negligence or wrongful act or omission on its part or that the damage was solely caused by a third party. Article 29. It is described as "a treaty that favors passengers rather than airlines." *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371, n. 4 (2nd Cir. 2004). Accordingly, the underlying basis of the decisions in *O'Rourke* and *Deere* of protection of the airlines through a fixed and uniform cap on damages is no longer applicable.

The Montreal Convention also clarified the issue of whether interest may be awarded in addition to attorney's fees and costs. Article 22(6) of the Montreal Convention provides:

> The limits prescribed in Article 21 [Compensation in Case of Death or Injury of Passengers] and in this Article [Limits of Liability in Relation to Delay, Baggage and Cargo] shall not prevent the court from awarding, in accordance with its own law, in addition, the whole or part of the court costs and of the other expenses of the litigation incurred by the plaintiff, *including interest*. The foregoing provision shall not apply if the amount of the damages awarded, excluding court costs and other expenses of the litigation, does not exceed the sum which the carrier has offered in writing to the plaintiff within a period of six months from the date of the occurrence causing the damage, or before the commencement of the action, if that is later.

(Emphasis added). It also continues to encourage prompt settlement by restricting a potential award of fees, costs and interest to those cases where the award is greater than the carrier's settlement offer during the first six months after the occurrence. This change in the Montreal Convention was noted in the following commentary:

> This provision in the Montreal Convention permitting interest to be awarded [Art. 22(6)] originated as Article XI(4) of the Hague Protocol although it does not appear in Montreal Protocol No. 4. Since Warsaw monetary limits continued until the IIA/MIA intercarrier agreements took effect in 1998 and since the Hague Protocol did not enter into force in the United States until 1999, the interest provision has had little, if any, impact on treaty litigation during the last half of the Twentieth Century. That circumstance is certain to change under the Montreal Convention.

---

[2] "The Montreal Convention is not an amendment to the Warsaw Convention. Rather, [it] is an entirely new treaty that unifies and replaces the system of liability that derives from the Warsaw Convention." *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 n. 4 (2nd Cir. 2004) (citations omitted).

Charles Krause and Kent Krause, Other Differences between the Warsaw and Montreal Conventions, 1 Aviation Tort and Reg. Law § 11:19 (November 2007).

The parties have not provided this Court any decision on this specific issue under the Montreal Convention. The Court has found only one case in which prejudgment interest was awarded under the Montreal Convention, but there was no discussion and the only reference was to admiralty cases. *Wea Farms v. American Airlines, Inc.*, 2007 WL 1173077 at *5 (S.D. Fla. 2007). The Court is persuaded, however, by the analysis in *Motorola* and *Domangue* and by the changes reflected in the Montreal Convention that prejudgment interest is permissible under the Montreal Convention.

### III.   CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

A.   Comair's motion to dismiss Plaintiffs' punitive damages claims against Comair under the Montreal Convention [DE 1325] is **GRANTED**;

B.   Comair's motion to dismiss Plaintiffs' claims for prejudgment interest under the Montreal Convention [DE 1325] is **DENIED**.

This April 25, 2008.



Signed By:

*Karl S. Forester*  KSF

**United States Senior Judge**

6